F I L E D
United States Court of Appeals
Tenth Circuit

August 24, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANCISCO LEON-FLOTA,

Petitioner-Appellant,

v.

ALBERTO R. GONZALES,

Respondent-Appellee.

No. 05-9590

(Bureau of Immigration Appeals)

(B.I.A. No.A34 669 246)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.[**]

Petitioner Francisco Leon-Flota pled guilty to re-entry as a deported alien previously convicted of an aggravated felony. Before judgment and sentence were entered, the Department of Homeland Security issued an order reinstating a prior order of removal based on Leon-Flota's aggravated felony conviction. The district court sentenced him to a term of imprisonment and recommended his

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

removal proceedings commence afterward. While in custody in the District of New Mexico, Leon-Flota filed a federal habeas petition arguing he was not subject to removal because he was a citizen or national of the United States. We DISMISS his petition pursuant to the requirements of 8 U.S.C. § 1252.

## I. Background

On August 17, 2004, Leon-Flota entered the United States and was arrested for illegal re-entry. According to the administrative record, he was a citizen and national of Mexico who had been ordered deported on at least seven prior occasions. The Department of Homeland Security concurrently issued an order reinstating a prior removal order based on the aggravated felony conviction under 8 U.S.C. § 1227(a)(2)(A)(iii).

On December 29, 2004, the federal court for the District of New Mexico entered judgment for the crime to which Leon-Flota pled guilty—re-entry as a deported alien previously convicted of an aggravated felony under 8 U.S.C. §§ 1326(a)(1), (2) and (b)(2). The court sentenced him to 21 months imprisonment and recommended that removal proceedings commence thereafter. On March 20, 2005, while in custody, Leon-Flota filed a petition for habeas corpus in the district court. While conceding the felony conviction, he argued he was a United States citizen or national at the time and therefore not subject to removal from this country for his conduct.

## II. Discussion

Because Leon-Flota challenges his removal, our review is governed by 8 U.S.C. § 1252. Specifically, § 1252(a)(2)(C), provides,

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) or 1227(a)(2)(A)(iii), (B), (C), (D) of this title . . . .

As noted above, § 1227(a)(2)(A)(iii) covers any alien "convicted of an aggravated felony," which was the basis for Leon-Flota's removal here.

Nonetheless, we retain jurisdiction to determine whether the jurisdictional bar applies. That is, we may decide whether Leon-Flota is an alien who is removable by reason of a criminal offense listed in the relevant sections of the statute. *Tapia Garcia v. INS*, 237 F.3d 1216, 1220 (10th Cir. 2001). First, despite Leon-Flota's conclusory allegations to the contrary, all evidence in the record demonstrates Leon-Flota is an alien. Indeed, on multiple occasions, he submitted sworn testimony stating he was a citizen and national of Mexico when he committed the aggravated felony and that he was deported and subsequently entered this country illegally. Second, the record indicates Leon-Flota was convicted of a controlled substance offense, which is covered by 8 U.S.C. § 1182(a)(2)(A)(i)(II) and therefore renders the jurisdictional bar applicable. This crime also qualifies as an "aggravated felony" under 8 U.S.C. § 1227(a)(2)(A)(iii)

as defined by 8 U.S.C. § 1101(a)(43)(B), 18 U.S.C. § 924(c)(2), and 21 U.S.C. § 801 et seq. Thus, all of the elements for the jurisdictional bar are met.

Nonetheless, § 1252(a)(2)(D) allows for judicial review of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." In such cases, the "sole and exclusive means for judicial review of an order of removal" is a petition for review that is filed (1) directly in the court of appeals for the judicial circuit in which the immigration judge completed the proceedings (2) within thirty days of the final order of removal. 8 U.S.C. § 1252(a)(5) and (b)(1) (emphasis added). Leon-Flota did not pursue direct review under this statute. Nor could we somehow construe his habeas petition as a § 1252 petition for review because he filed it (1) in district court (2) over seven months after the latest reinstatement of his removal order by the Department of Homeland Security.

Finally, even if we were to reach the merits, the statute provides, where "the petitioner claims to be a national of the United States," the court of appeals may dismiss without ordering a hearing if the court finds from the record that "no genuine issue of material fact about the petitioner's nationality is presented." 8 U.S.C. § 1252(b)(5)(A). Here, as noted above, Leon-Flota's bare assertions that he is a United States citizen or national are unsupported by the record and indeed undermined by his own sworn statements to the contrary.

### III. Conclusion

For the foregoing reasons, we DISMISS Leon-Flota's petition.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge