**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

EDGAR JESUS PEÑA-FLORES,

Defendant-Appellant.

No. 06-2242

(D. New Mexico)

(D.C. No. 06-CR-1048-RB)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLLOWAY**, and **MURPHY**, Circuit Judges.

**I. Introduction**

Edgar Peña-Flores, a citizen of Mexico, pleaded guilty to illegal reentry of a removed alien and received a sentence of twelve months and one day, followed by one year of supervised release. While the appeal of his sentence was pending, Peña-Flores completed his term of imprisonment and was removed from the

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

United States. Because Peña-Flores' removal from the United States has rendered his appeal moot, this court lacks jurisdiction and **dismisses** the appeal.

## II. Background

Peña-Flores pleaded guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). A presentence report ("PSR") was prepared, which recommended a total offense level of ten and a criminal history category of IV. In calculating Peña-Flores' offense level, the PSR applied a four-level enhancement for having been deported after a felony conviction. USSG § 2L1.2(b)(1)(D). The enhancement was based on a prior Arizona conviction for aggravated driving under the influence. *See* Ariz. Rev. Stat. § 28-1383(A)(1). Peña-Flores filed objections to the PSR, arguing his prior conviction should not be characterized as a felony for purposes of the four-level enhancement. The district court rejected this argument and found Peña-Flores' total offense level was ten. After reducing Peña-Flores' criminal history category from IV to III, the district court arrived at an advisory guideline range of twelve to eighteen months. It then sentenced him to a term of imprisonment of twelve months and one day, followed by supervised release "for a term of [one] year unsupervised." On appeal, Peña-Flores challenges only his sentence, arguing his prior conviction should have been treated as a misdemeanor for purposes of § 2L1.2(b).

While this case was pending on appeal, Peña-Flores completed his term of imprisonment and was removed from the United States. Following Peña-Flores' removal, this court ordered the parties to show cause why the appeal should not be dismissed as moot. Relying on *United States v. Castro-Rocha*, 323 F.3d 846, 847-48 n.1 (10th Cir. 2003), both parties agreed the appeal was not moot because Peña-Flores was serving a term of supervised release that could be reduced or eliminated by a favorable appellate decision. This court, however, is not bound by the government's apparent concession as to mootness. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998) ("Every federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it." (quotation omitted)).

**III. Analysis**

The question of mootness in this case is squarely controlled by this court's recent decision in *United States v. Vera-Flores*, 2007 WL 2247660 (10th Cir. Aug. 7, 2007). Although Peña-Flores is technically still subject to a one-year term of supervised release, he is not actually under the supervision or control of the United States Probation Office because he is no longer in the United States. Like the defendant in *Vera-Flores*, Peña-Flores' removal to Mexico "has eliminated all practical consequences associated with serving a term of supervised

release," and therefore, Peña-Flores has no "actual injury likely to be redressed by a favorable judicial decision" *Id.* at *3. Nor has Peña-Flores satisfied his burden of demonstrating sufficient collateral consequences arising from the district court's sentencing decision and imposition of supervised release. *Id.* The possibility that Peña-Flores could lawfully reenter the United States during his term of supervised release, thus reviving his obligations to comply with the supervised release conditions, is too speculative to avoid dismissal for mootness. *Id.*

## IV. Conclusion

For the foregoing reasons, this court **dismisses** the appeal of the sentence imposed by the district court.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-