FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS** December 26, 2007

**TENN CIRCUIT**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JOSE ANTONIO ZAVALA-CRUZ,

     Defendant - Appellant.

No. 07-2002
(D.C. No. CR-06-1765)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

     Defendant-Appellant Jose Antonio Zavala-Cruz pleaded guilty to reentery

of a deported alien previously convicted of an aggravated felony. See 8 U.S.C. §§

1326(a)(1), (2) & (b)(2). He was sentenced to 60 months' imprisonment followed

by supervised release for a term of two years' unsupervised, with the special

condition that he not reenter the United States without legal authorization. The

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

district court also recommended that the Immigration Customs Enforcement agency begin removal proceedings during service of the sentence. On appeal, Mr. Zavala-Cruz's counsel has filed an <u>Anders</u> brief because he identified no potentially meritorious issues for appeal. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Zavala-Cruz was served with a copy of the <u>Anders</u> brief, <u>see</u> 10th Cir. R. 46.4(B)(2), but failed to respond notwithstanding that his request for an extension of time to file a response was granted. The government determined no response was necessary. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we dismiss the appeal and grant counsel's motion to withdraw.

Following Mr. Zavala-Cruz's guilty plea, a presentence investigation report ("PSR") was prepared. Based on a total offense level of 21, and a criminal history category of V, the PSR calculated the applicable United States Sentencing Guidelines ("Guidelines") sentencing range to be 70-87 months' imprisonment. Mr. Zavala-Cruz did not object to the calculation of the Guideline range, however, at sentencing Mr. Zavala-Cruz essentially requested a downward variance to 57 months' imprisonment based upon a dated (1991) conviction used to calculate the Guidelines sentence. The district court granted a downward variance and sentenced Mr. Zavala-Cruz to 60 months' imprisonment.

We agree with Mr. Zavala-Cruz's counsel that there exist no potentially meritorious issues on appeal. In his <u>Anders</u> brief, Mr. Zavala-Cruz's counsel

2

identifies two issues that could arguably support an appeal, namely whether Mr. Zavala-Cruz's plea was anything other than knowing and voluntary, and whether his sentence was reasonable in light of the factors expressed in 18 U.S.C. § 3553(a). Nothing in the record leads us to believe that Mr. Zavala-Cruz's plea was anything but knowing and voluntary, see Brady v. United States, 397 U.S. 742, 755-56 (1970), or that Mr. Zavala-Cruz's sentence, which fell below the low end of the correctly-calculated and presumptively reasonable Guideline range, see Rita v. United States, 127 S.Ct. 2456, 2462-63 (2007); United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006), was unreasonable. In addition, the district court adequately considered the 3553(a) factors in determining Mr. Zavala-Cruz's sentence. See United States v. Jarrillo-Luna, 478 F.3d 1226, 1230 (10th Cir. 2007).

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

3