FILED
United States Court of Appeals
Tenth Circuit

December 31, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ANGEL LUCIANO-
GUILLERMO,

    Defendant - Appellant.

No. 07-2244
(D.C. No. CR-07-1030-JCH)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

Defendant-Appellant Jose Angel Luciano-Guillermo pleaded guilty to one count of reentering the United States after being previously deported following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced him to 15 months' imprisonment followed by two years of unsupervised release. Mr. Luciano-Guillermo's counsel filed a brief and a motion to withdraw pursuant to *Anders v.*

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

*California*, 386 U.S. 738 (1967).  However, even before the government's scheduled response date, Mr. Luciano-Guillermo completed his sentence and was released from prison.  Based on our independent review of the record, *id.* at 744, we find that the only potential grounds for appeal relate to the length of Mr. Luciano-Guillermo's sentence.  Accordingly, under the circumstances of this case, we conclude that Mr. Luciano-Guillermo's appeal is moot.  We dismiss the appeal and grant counsel's motion to withdraw.

## I.  BACKGROUND

Mr. Luciano-Guillermo is a Mexican citizen who has already been deported three times.  In February 2007, Mr. Luciano-Guillermo was a passenger in a car that was stopped by an officer of the Dona Ana County Sheriff's department because Mr. Luciano-Guillermo was not wearing his seatbelt.  He attempted to flee on foot, but was caught and arrested for resisting, evading, or obstructing an officer.  While in custody, he admitted that he was in the United States illegally.

Mr. Luciano-Guillermo pleaded guilty, without a plea agreement, to illegally reentering the United States after having been previously deported following a felony conviction.[1]  8 U.S.C. § 1326 (a), (b)(1).  A Presentence Investigation Report ("PSR")

---

[1]    The prior felony conviction was also for illegal reentry.  Mr. Luciano-Guillermo was first deported in February 2004.  In February 2006, he pleaded guilty to illegally reentering the United States, 8 U.SC. § 1326(a), and was deported a second time.  Three days later, he was discovered in San Elizario, Texas, and rearrested.  Mr. Luciano-Guillermo subsequently was convicted of a misdemeanor illegal reentry offense, for

(continued...)

2

was compiled. Mr. Luciano-Guillermo did not object to the PSR's factual findings, but in a sentencing memorandum he raised two challenges to the calculation of his criminal history score. First, he argued that two previous misdemeanor convictions should not be counted against him because he had not been represented by counsel in those proceedings. The district court rejected this argument, finding that, in both instances, Mr. Luciano-Guillermo had voluntarily waived his right to counsel.

Second, Mr. Luciano-Guillermo argued that the application of United States Sentencing Guidelines Manual ("U.S.S.G.") § 4A1.1(e)—which increased his criminal history score by two points for committing the instant offense within two years of his release from imprisonment for a prior misdemeanor reentry conviction—"amounts to an unjust 'double-count' scenario" because the PSR simultaneously added two criminal history points for the same misdemeanor conviction. R., Vol. I, Doc. 14 at 2 (Sentencing Memorandum, dated Aug. 7, 2007). The district court did not specifically address this argument, but Mr. Luciano-Guillermo did not object when the court adopted the PSR's findings in full.

Based on an offense level of 10 and a criminal history category of IV, the recommended Guidelines range was 15–21 months' imprisonment. Mr. Luciano-Guillermo was sentenced to 15 months, followed by two years of unsupervised release. Mr. Luciano-Guillermo filed a timely notice of appeal, because he "wished to challenge

---

[1](...continued)
which he was imprisoned for a little more than two months and then deported once again.

the length of his sentence." Aplt. Br. at 5. His attorney filed a brief and motion to withdraw pursuant to *Anders*, asserting that he was unable to find any non-frivolous issues to appeal. 386 U.S. at 744. On or about March 24, 2008, before the government's scheduled response date, Mr. Luciano-Guillermo completed his sentence and was released by the Bureau of Prisons. Without reference to Mr. Luciano-Guillermo's release, the government gave notice of its intention not to file an answer brief, noting the lack of merit in his appeal. Mr. Luciano-Guillermo was given an opportunity to file a reply on his own behalf, but he did not do so. In response to an Order from this Court, Mr. Luciano-Guillermo's counsel acknowledged that his client has completed his sentence and has been released from prison. He asserted that Mr. Luciano-Guillermo's appeal was now moot.

## II. DISCUSSION

Before we can consider the merits of Mr. Luciano-Guillermo's appeal, we must first examine our jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270-71 (10th Cir. 1998) ("[A] federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." (internal quotation marks omitted)). "Article III [of the Constitution] requires a party seeking relief to have 'suffered, or be threatened with, an actual injury traceable to the appellee and likely to be redressed by a favorable judicial decision.'" *United States v. Vera-Flores*, 496 F.3d 1177, 1180 (10th Cir. 2007) (alterations omitted) (quoting *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000)). "When the injury . . . disappears or is resolved extrajudicially

4

prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *Meyers*, 200 F.3d at 718.

Once a criminal defendant has completed his sentence, his appeal is moot unless "sufficient collateral consequences" flow from the conviction and sentence. *Id.* There are many significant consequences of being convicted of a felony. For example, felons often lose many basic civil liberties, including the right to vote or to hold public office. *Spencer v. Kemma*, 523 U.S. 1, 9-10 (1998). Therefore, when a defendant appeals the validity of his conviction, we presume that the consequences are sufficient to overcome any question of mootness. *Id.* at 7-8. However, no such presumption applies when the defendant concedes his guilt and merely challenges the length of his sentence. *Vera-Flores*, 496 F.3d at 1181.

Mr. Luciano-Guillermo has not identified any collateral consequences that would be remedied by a successful appeal. The two issues in this case—(1) whether the district court properly included two prior convictions in Mr. Luciano-Guillermo's criminal history score, and (2) whether the application of U.S.S.G. §4A1.1(e) resulted in a double counting of his previous reentry conviction—would only affect the length of his sentence. They do not implicate the validity of his guilty plea. Therefore, after a thorough and independent review of the record, we agree with Mr. Luciano-Guillermo's counsel that this appeal is moot.

We do recognize that, technically, Mr. Luciano-Guillermo must still complete his

term of unsupervised release. Under the circumstances of this case, however, Mr. Luciano-Guillermo's unsupervised release is little more than a formality. *See United States v. Peña-Flores*, 240 F. App'x 281, 283 (10th Cir. 2007) ("Although Peña-Flores is technically still subject to a one-year term of supervised release, he is not actually under the supervision or control of the United States Probation Office because he is no longer in the United States."), *cert. denied*, 128 S. Ct. 1702 (2008).

During the sentencing proceeding, the district court recommended that the immigration authorities commence removal proceedings against Mr. Luciano-Guillermo during his prison term. R., Vol. IV., Tr. at 7 (Sentencing Hearing, dated Sept. 20, 2007). We have no reason to doubt that they complied with the court's recommendation; it certainly is not an unusual one in illegal reentry cases. *See, e.g.*, *United States v. Zavala-Cruz*, 259 F. App'x 160, 160 (10th Cir. 2007) ("The district court also recommended that the Immigration Customs Enforcement agency begin removal proceedings during service of the sentence."); *Leon-Flota v. Gonzales*, 191 F. App'x 817, 819 (10th Cir. 2006) ("The court sentenced him to 21 months' imprisonment and recommended that removal proceedings commence thereafter."). Mr. Luciano-Guillermo's counsel, moreover, has not suggested anything to the contrary. Indeed, his concession that Mr. Luciano-Guillermo's appeal is moot, as noted below, logically flows from the fact of Mr. Luciano-Guillermo's removal.[2]

---

[2] Even if there were any room for doubts regarding Mr. Luciano-Guillermo's
(continued...)

Accordingly, we are comfortable operating on the premise that Mr. Luciano-Guillermo was removed from the United States pursuant to the district court's recommendation. Once outside the United States, Mr. Luciano-Guillermo "has no obligation to report to a probation officer and is not under the supervision or control of the United States probation office." *Vera-Flores*, 496 F.3d at 1181 (dismissing a deported alien's appeal as moot, since "[his] liberty is in no way affected by any sentencing error allegedly committed by the district court because [his] deportation has eliminated all practical consequences associated with serving a term of supervised release"); *see also Peña-Flores*, 240 F. App'x at 283 (same). Thus, at bottom, Mr. Luciano-Guillermo will suffer no material consequences from being required to complete his term of unsupervised release. Even if one could conceive of some hypothetical effect that this appeal might have on Mr. Luciano-Guillermo's unsupervised release, it would be far too speculative to create a case or controversy. *See Peña-Flores*, 240 F. App'x at 283 ("The possibility that Peña-Flores could lawfully reenter the United States during his term of supervised release, thus reviving his obligations to comply with the supervised release conditions, is too speculative to avoid dismissal for mootness.").

---

[2](...continued)
removal, given the limited nature of our jurisdiction, they would be resolved in a manner supportive of a conclusion of mootness. *See Renne v. Geary*, 501 U.S. 312, 316 (1991) ("Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so. We presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." (internal quotation marks omitted) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986))).

### III. CONCLUSION

For the foregoing reasons, we **DISMISS** Mr. Luciano-Guillermo's appeal as moot.

Counsel's motion to withdraw is **GRANTED.**


Entered for the Court


Jerome A. Holmes
Circuit Judge