**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 9, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MIGUEL ROBLES-ORTEGA,

Defendant-Appellant.

No. 08-2143

(D. New Mexico)

(D.C. No. 2:07-CR-01274-RB-1)

**ORDER & JUDGMENT**[*]

Before **HENRY**, Chief Judge, and **PORFILIO** and **BRORBY**, Circuit Judges.[**]

Miguel Robles-Ortega appeals his conviction for illegal reentry of the

United States by a removed alien. On February 4, 2009, his attorney filed a

brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking to

---

[*]This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R.App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

withdraw because she determined after a examination of the record that the appeal was wholly frivolous. Because Mr. Robles's release and deportation moot his claims, we lack jurisdiction to entertain a challenge to the length of Mr. Robles's sentence. Therefore, we grant counsel's motion to withdraw and dismiss Mr. Robles's appeal.

# I. BACKGROUND

Mr. Robles pleaded guilty to illegal reentry by a removed alien in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2) without the benefit of a plea agreement. The presentence report assigned Mr. Robles a criminal history category of VI and determined the guideline range to be 24-30 months. Mr. Robles objected that the report overstated his criminal history and argued that he should receive leniency because his criminal history points stemmed from his substance abuse problems. Mr. Robles also asked the court to consider that he re-entered the United States to visit his dying mother and that he planned to return to Mexico. (Indeed, Mr. Robles was arrested in May of 2007 and his mother passed away in June of 2007. According to the government, Mr. Robles signed an affidavit stating that he returned to the United States to work and see his children, not to visit his dying mother. Mr. Robles denied swearing that he entered the United States to work and see his children.)

Based on the government's agreement that a criminal history category of V with a corresponding range of 21 to 27 months would be more appropriate, the court granted Mr. Robles a downward departure and sentenced him to 21 months of imprisonment followed by two years of unsupervised release under the conditions that he comply with immigration laws and regulations and that immigration authorities begin removal proceedings "immediately or during [his] sentence." Rec. vol. I, at 14.

Having already served a year during the pendency of the proceedings, Mr. Robles was released January 26, 2009, a few days before his attorney filed her *Anders* brief.[1] Presumably, Mr. Robles has been removed from the United States. *See United States v. Luciano-Guillermo*, 305 F.App'x 511, 514 (10th Cir. 2008) ("[W]e are comfortable operating on the premise that [the defendant] was removed from the United States pursuant to the district court's recommendation.").

## II. DISCUSSION

In *Anders*, the Supreme Court held that if a defendant's counsel "finds [the defendant's] case to be wholly frivolous, after a conscientious

---

[1]We take judicial notice of this information regarding Mr. Robles's release that is available to the public on the Bureau of Prisons' Inmate Locator Service. *See Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009); *see also United States v. Montgomery*, 550 F.3d 1229, 1231 n.1 (10th Cir. 2008).

examination of it, [she] should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to both the court and her client a "brief referring to anything in the record that might arguably support the appeal." *Id.* The defendant may then "raise any points that he chooses." *Id.* In accordance with *Anders*, counsel here refers this court to a possible argument that Mr. Robles's below-guideline sentence could be unreasonable if the district judge did not adequately consider the 18 U.S.C. § 3553(a) factors. Mr. Robles has not filed a response to counsel's argument. The United States does not object to counsel's withdrawal and has elected not to file a response.

We must examine all the proceedings to determine whether Mr. Robles's appeal is frivolous. *Id.* "If [we] so find[] [we] may grant counsel's request to withdraw and dismiss the appeal." *Id.* "On the other hand, if [we] find[] any of the legal points arguable on their merits (and therefore not frivolous) [we] must, prior to decision, afford the indigent [defendant] the assistance of counsel to argue the appeal." *Id.*

Though Mr. Robles pleaded guilty, he retained the right to appeal. As required by *Anders*, we have conducted a full examination of the record before us. As to his conviction, the record shows that Mr. Robles's guilty plea was voluntarily, knowingly, and intelligently entered; he was advised of and understood his possible sentence and other punishments he might

face in conjunction with his guilty plea to the offense charged; and sufficient evidence supported his conviction. Thus, the record contains no grounds to support a challenge to Mr. Robles's guilty plea or conviction; therefore his only avenue of appeal relates to the length of his sentence. *See United States v. Quezada-Enriquez*, 567 F.3d 1228, 1232 n.2 (10th Cir. 2009).

Unlike his conviction however, Mr. Robles, may not challenge the length of his sentence because he has been released and deported. When an alleged injury "disappears or is resolved extrajudicially prior to the appellate court's decision, the appellant can no longer satisfy the Article III case or controversy jurisdictional requirement and the appeal is moot." *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000). In *United States v. Vera Flores*, we held that an appellant could not challenge the length of his prison sentence and of his supervised release, because officials had already released and deported him. 496 F.3d 1177, 1180-81 (10th Cir. 2007). In such instances, the appellant "is in no way affected by any sentencing error . . . because [the appellant's] deportation has eliminated all practical consequences associated with serving a term of supervised release," and therefore, he has no injury that the court can remedy. *Id.* at 1180-82. Because Mr. Robles has been released subject only to unsupervised release requiring his removal, any challenges to the length of

his sentence are similarly moot.  Thus, we lack jurisdiction to entertain an appeal of Mr. Robles's sentence.

## III. CONCLUSION

Because the record contains no support for a challenge to Mr. Robles's conviction and because we lack jurisdiction to entertain a challenge to the length of his sentence, we DISMISS Mr. Robles's appeal and GRANT counsel's motion to withdraw.

Entered for the Court,

Robert H. Henry
Chief Judge