NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0238n.06

No. 10-3148

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 18, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| JOSE RAMIREZ-SORIA, | ) | |
| | ) | M E M O R A N D U M |
| Defendant-Appellant. | ) | O P I N I O N |

BEFORE: GUY, CLAY and McKEAGUE, Circuit Judges.

**McKEAGUE, Circuit Judge.** Defendant Jose Ramirez-Soria, a citizen of Mexico, pleaded guilty to having illegally re-entered the United States after having been deported, in violation of 8 U.S.C. § 1326. On February 11, 2010, he was sentenced to a prison term of 24 months and a two-year term of supervised release. Defendant now appeals, contending the sentence is procedurally and substantively unreasonable.

There is no dispute that the district court correctly calculated the applicable advisory Sentencing Guidelines range to be 21 to 27 months. The sentence imposed, within the advisory Guidelines range, is presumptively reasonable. *United States v. Haj-Hamed*, 549 F.3d 1020, 1025 (6th Cir. 2008). In determining whether defendant has rebutted this presumption, we review the sentence under the highly deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007).

**I**

Defendant contends the sentence is procedurally unreasonable because the district court erroneously believed it lacked authority to depart or vary downward from the Guidelines range and potentially sentence him to no more than time served. Yet, a district judge is not required to explicitly state his awareness of his discretion to impose a below-Guidelines sentence; his understanding is presumed "absent clear evidence to the contrary." *United States v. Santillane*, 540 F.3d 428, 431 (6th Cir. 2008). Thus, defendant has the burden of adducing clear evidence that the district judge erroneously believed he lacked discretion to impose a sentence below the Guidelines range. *See United States v. Guest*, 564 F.3d 777, 779 (6th Cir. 2009) ("[T]o justify a remand, . . . an appellant must identify a specific error in the proceedings below.").

Further, because defendant did not raise the issue in the district court, we review only for plain error. *United States v. Gabbard*, 586 F.3d 1046, 1051 (6th Cir. 2009). To obtain relief under plain error review, defendant must show "(1) error (2) that was obvious or clear, (3) that affected his substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* (quoting *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc)).

In the sentencing hearing, the district court, upon learning that the Department of Homeland Security held a detainer on defendant (so as to deport him immediately upon release from prison), agreed with defendant's counsel that it would be in everyone's interest if defendant were immediately deported. In light of this expressed preference, defendant contends that the district court's decision to impose a prison sentence within the Guidelines range can only be viewed as

demonstrating the court's erroneous belief that it lacked discretion to impose a sentence below the Guidelines.

Yet, the district judge also listened as the Assistant U.S. Attorney argued that, even though defendant had already been detained for seven months, immediate deportation would not be sufficient punishment. The Assistant U.S. Attorney argued that defendant had been "endangering the lives of U.S. citizens by driving on our roads under the influence of alcohol" . . . and "without insurance," despite having "been removed from this country on three prior occasions" in the last fifteen months. *Id.* The government thus urged the court to impose a prison sentence at the low end of the Guidelines range for the purpose of deterring defendant and others.[1]

Concluding that it lacked authority to order defendant's immediate deportation, the district court went on to correctly calculate the applicable advisory Guidelines range and then considered the sentencing factors prescribed at 18 U.S.C. § 3553(a). In considering "the nature and circumstances of the offense and the history and characteristics of the defendant" under § 3553(a)(1), the court expressly reiterated the circumstances highlighted by government counsel. The court then determined that a prison sentence within the Guidelines range is "appropriate" because it "will reflect the seriousness of the offense" (§ 3553(a)(2)(A)), "should adequately deter others from committing similar offenses" (§ 3553(a)(2)(B)), "[should] hopefully, protect the public from any further criminal behavior on the part of this defendant" (§ 3553(a)(2)(C)), and "will avoid any unwarranted

---

[1]In fact, defendant's counsel, too, had just asked the court to consider imposing a sentence of 21 months, at the low end of the range, or to possibly consider varying downward to 18 months.

disparities in sentencing among defendants who commit similar offenses and have similar backgrounds" (§ 3553(a)(6)). Sent. Tr. at 15.

The court thus adequately explained the considerations that led to its determination that a prison sentence of 24 months was "sufficient, but not greater than necessary." 18 U.S.C. § 3553(a). The fact that the court imposed a sentence in the middle of the Guidelines range, rather than at the low end, further undercuts defendant's argument that the district judge sympathized with him, but felt obligated to sentence within the Guidelines range. Clearly, if the sentencing judge had been moved to sentence defendant to the shortest permissible sentence (so as to accelerate the date of his deportation), but erroneously believed it lacked authority to impose a below-Guidelines sentence, it would have sentenced defendant to no more than 21 months, at the low end of the range. That the court sentenced defendant above the low end of the range suggests the court meant what it said in respecting the § 3553(a) purposes of providing just punishment in relation to the seriousness of the offense, deterring others, protecting the public, and avoiding unwarranted sentencing disparities. In other words, the sentencing judge's explanation confirms that he imposed a procedurally reasonable sentence under the prescribed sentencing considerations despite his personal preference for a different outcome. *See Guest*, 564 F.3d at 780 (rejecting a similar argument).

Defendant has not, therefore, rebutted the presumption that the district judge was aware of his discretion to impose a sentence below the Guidelines range. To the contrary, as the government points out, the record affirmatively shows that the district judge fully understood that the Guidelines are merely advisory and that he had the authority to sentence outside the Guidelines range. *See* Plea

Hearing Tr. at 5-6; Sent. Tr. at 13. Accordingly, we conclude that defendant has fallen short of demonstrating any procedural error, much less plain error.

**II**

Defendant also contends that the sentence is substantively unreasonable. In reviewing for substantive unreasonableness, we apply the abuse-of-discretion standard, "tak[ing] into account the totality of the circumstances" with "due deference to the district court's decision." *Gall*, 552 U.S. at 51. The sentence may be deemed substantively unreasonable if the district court chose the sentence arbitrarily, grounded the sentence on impermissible factors, or unreasonably weighed a pertinent factor. *See United States v. Brooks*, 628 F.3d 791, 796 (6th Cir. 2011). A sentence within the Guidelines range enjoys a rebuttable presumption of reasonableness. *Id.* The fact that we might reasonably conclude a different sentence would be appropriate is insufficient to justify reversal. *See Gall*, 552 U.S. at 51.

Defendant first contends that a fair consideration of the circumstances of the offense—i.e., that he re-entered the United States unlawfully in order to obtain employment so that he could support his wife and two children as well as his sister's three children—demonstrates that a 24-month prison sentence is greater than necessary. Insofar as defendant's motivation for repeatedly re-entering unlawfully may be a mitigating circumstance, we note that the district judge considered and expressed sympathy for defendant's desire to rejoin and support his family. Yet, the district court was also duly cognizant of defendant's history of repeated illegal re-entries and repeated DUI offenses. In imposing a within-Guidelines sentence, we cannot say that the district court weighed

these pertinent factors unreasonably or otherwise abused its discretion. Defendant has not succeeded in rebutting the presumption of reasonableness.

Defendant also contends that the 24-month sentence results in an unwarranted sentencing disparity, citing a similarly situated defendant who was sentenced to a prison term of only 15 months. *See United States v. Luciano-Guillermo*, 305 F. App'x 511 (10th Cir. 2008). In response, the government points out that the defendant in *Luciano-Guillermo* was not similarly situated. Yes, he received only a 15-month prison sentence for unlawful re-entry after three prior deportations. However, his sentence, too, was within the applicable advisory Guidelines range; the range was lower because the defendant's criminal history category was lower. The government contends the instant case is more comparable to *United States v. Tristan-Madrigal*, 601 F.3d 629 (6th Cir. 2010). In *Tristan-Madrigal*, the defendant had been convicted of unlawful re-entry after three prior deportations and four prior drunk-driving convictions. The district court varied upward from the Guidelines range to impose a prison sentence of 36 months. We affirmed over substantive-unreasonableness objection, holding the court had not abused its discretion in determining that the defendant's history showed him to be a dangerous individual from whom the public needed protection. *Id.* at 634-35.

Together, these comparable cases illustrate and confirm the reasonableness of the within-Guidelines sentence imposed in this case. As we have previously observed, "'avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges,' and the district court's very act of correctly calculating and reviewing the advisory range indicates that a district judge 'necessarily gave significant weight and consideration

to the need to avoid unwarranted disparities.'" *United States v. Simmons*, 587 F.3d 348, 363 (6th Cir. 2009) (quoting *Gall*, 522 U.S. at 54). By reasonably weighing the appropriate § 3553(a) factors and then sentencing defendant within the advisory Guidelines range, the district court thus adequately observed the need to avoid unwarranted disparities—especially considering that defendant did not raise any such argument, factual or legal, at the time of sentencing. *See id.* ("Adequately explaining the reasons for sentencing does not require expressly defending the abstract justifications for the sentencing range."). The 24-month sentence has not been shown to be substantively unreasonable.

## III

Accordingly, we reject defendant's claims of error. The judgment of the district court is **AFFIRMED**.