*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 09a0163p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

―――――――――――――

UNITED STATES OF AMERICA,

　　　　　　　　*Plaintiff-Appellee,*

　　*v.*

KENT GUEST,

　　　　　　　*Defendant-Appellant.*

No. 07-1922

―――――――――――――

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 05-90029—John Corbett O'Meara, District Judge.

Argued: March 6, 2009

Decided and Filed: May 4, 2009

Before: SILER, COOK, and McKEAGUE, Circuit Judges.

―――――――――――――

**COUNSEL**

**ARGUED:** James L. Feinberg, LAW OFFICES, Detroit, Michigan, for Appellant. Daniel R. Hurley, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee. **ON BRIEF:** James L. Feinberg, LAW OFFICES, Detroit, Michigan, for Appellant. John N. O'Brien II, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

―――――――――――――

**OPINION**

―――――――――――――

McKEAGUE, Circuit Judge. Kent Guest was convicted and sentenced for crossing state lines with the intent to engage in sexually illicit conduct. His advisory Guidelines range was 151 months to 188 months in prison. The district court sentenced him to 120 months in prison, and Guest now argues for a remand in light of *Gall* and *Kimbrough*. Because there is no indication in the record that the district court felt in any way constrained by the standard of appellate review prior to *Gall* and *Kimbrough*, we affirm.

1

**I.**

Kent Guest met an undercover FBI agent in a Yahoo! chat room in July 2005. Guest was a 55-year-old tool and die maker in Indiana. The undercover agent posted a profile to the chat group, pretending to be a divorced mother with two young daughters living in Michigan. The profile solicited those interested in sexual activity with her and her daughters. The profile also said that she was looking for serious inquiries rather than fantasy-based chat. Kent responded and expressed interest.

Guest contacted the agent again in August 2005 and suggested they plan to meet. During the chat, Guest and the agent exchanged photographs, and Guest reaffirmed his interest in the agent and her children. In a subsequent telephone call, Guest and the agent arranged a meeting at a supermarket in Michigan in September 2005.

After Guest traveled from Indiana to the supermarket in Michigan, FBI agents arrested him. Guest waived his *Miranda* rights and admitted traveling from Indiana with the intent to meet someone. A search of his car revealed the photographs the agent had sent Guest, Cialis,[1] and an herbal sexual potency compound. Guest also admitted he intended to have sex with the agent and her daughters.

Guest pleaded guilty to travel with intent to engage in illicit sexual conduct in the Eastern District of Michigan. The Presentence Report ("PSR") calculated an offense level of 34, with a criminal history category of I. Neither party objected to the calculations in the PSR.[2]

Guest was sentenced on July 17, 2007. After hearing arguments from both sides, the district court imposed Guest's sentence. The court calculated the advisory Guidelines range as 151 months to 188 months. The court then responded to each of the arguments put forward by Guest and the government. Guest had argued that the adjustment for the number of children was excessive because the FBI could have created

---

[1] Cialis is a prescription sexual potency drug.

[2] Guest's attorney objected to the PSR's "ultimate conclusion" but not to the calculations in the PSR.

just one fictitious child. In response, the court stated that it had "looked at the guidelines and what they would be if they were two points less, although whatever I do in the way of sentencing is not based upon that at all. I just want the record to reflect that I have considered that."[3] The court also rejected Guest's reliance on an entrapment defense, as it was "clear from the record that even if one goes with nothing but what is in [Guest's attorney's] papers and the presentence investigation report, that [Guest was] certainly predisposed, and entrapment would not be an appropriate or an available defense."

The court continued on to articulate its consideration of each of the sentencing factors in 18 U.S.C. § 3553(a). After finishing its explanation of the reasons underlying Guest's sentence, the district court sentenced Guest to 120 months in prison, with three years of supervised release, mandatory mental health treatment and participation in a sexual deviancy program, restrictions on Guest's use of the internet, and limitations on his ability to be near children. Guest now appeals.

**II.**

Guest does not argue that his sentence was unreasonable. Guest instead argues that the sentence should be remanded for further review in light of *Gall* and *Kimbrough*. First, he argues that the district court was affected by the prospect of appellate review as practiced before *Gall* and *Kimbrough*. Second, he argues that *Gall* and *Kimbrough* overruled previous authority regarding sentencing entrapment and sentence manipulation. We find no merit in either argument.

### A. Remands in Light of *Gall* and *Kimbrough*

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court "invalidated both the statutory provision, 18 U.S.C. § 3553(b)(1), which made the Sentencing Guidelines mandatory, and § 3742(e), which directed appellate courts to apply a de novo standard of review to departures from the Guidelines." *Gall v. United States*, 128 S. Ct.

---

[3]If there had been only one child, Guest's offense level would have been 32. If Guest's offense level had been 32, rather than 34, the advisory Guidelines range would have been 121 months to 151 months. The district court also observed that the Guidelines treat fictional children the same as real children for purposes of sentencing enhancements.

586, 594 (2007).  *Booker* brought about a "fundamental alteration of the sentencing process." *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).  Because of the profound nature of the change wrought by *Booker*, the *Booker* remands were based on a presumption that courts before *Booker* had committed plain error by applying a mandatory Guidelines regime. *Id.* at 527-29.

The Supreme Court's more recent sentencing decisions have not worked such a sea change in the sentencing process.  Instead, they corrected specific errors in appellate practices that varied from the basic principles of *Booker*.  *See Gall*, 128 S. Ct. at 594-95 (rejecting proportionality as an aspect of appellate review); *Kimbrough v. United States*, 128 S. Ct. 558, 575 (2007) (rejecting appellate rule that district courts could not reject the Guidelines range based on a policy disagreement with the crack-powder sentencing disparity).  Unlike *Booker*, these decisions provide no basis for the presumption of error.  Instead, to justify a remand based on these decisions, an appellant must identify a specific error in the proceedings below.  *See, e.g.*, *United States v. Millbrook*, 553 F.3d 1057, 1067 (7th Cir. 2009); *United States v. Jenkins*, 537 F.3d 1, 5-6 (1st Cir. 2008).  Typically, that error is either procedural or substantive unreasonableness.  Guest does not address either procedural or substantive unreasonableness in his appeal, but that does not excuse him from the need to identify error in the sentence imposed.

Our decisions after *Gall* and *Kimbrough* also make clear that there should be some indication of error in the record justifying remand.  In *United States v. Johnson*, the Sixth Circuit remanded to the district court for resentencing in light of *Kimbrough.* 553 F.3d 990, 996 (6th Cir. 2009).  We noted that the district court's statements on the record indicated "that, although the disparity issue was before the court, the district judge was not aware of his power to 'reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement.'" *Id.* at 996 n.1 (quoting *Spears v. United States*, 129 S. Ct. 840, 844 (2009)).  Because the district court did not appear aware of its authority to vary from the crack-cocaine Guidelines, we remanded "to give the district court an opportunity to impose a sentence with full recognition of its authority to reject and vary from the crack-cocaine Guidelines based solely on a policy

disagreement with those Guidelines." *Id.* at 992; *see also Moore v. United States*, 129 S. Ct. 4, 4 (2008).

Similarly, in *United States v. McElheney*, 07-6245, 2009 WL 361396, at *1 (6th Cir. Feb. 13, 2009) (unpublished), the Sixth Circuit remanded because, "over an objection from McElheney, the court applied this circuit's now-defunct 'extraordinary circumstances' requirement." The district court made clear it felt bound by the pre-*Gall* standard of review, stating that "[i]f the Court wished to impose a sentence substantially below the Sentencing Guidelines, it would have to offer a compelling justification based on the relevant § 3553(a) factors that is in proportion to the extent of the variance." *Id.* We remanded for the district court to reconsider the sentence in light of *Gall*. *See also Millbrook*, 553 F.3d at 1067 (holding that a remand is unnecessary where there was no indication of error); *Jenkins*, 537 F.3d at 5-6 (same).

Unlike *Johnson* and *McElheney*, there is no evidence in the record here that the district court based Guest's sentence on any aspect of appellate review that was rejected by the Supreme Court in either *Gall* or *Kimbrough*. The district court recited its considerations under § 3553(a) and noted the arguments for a lesser sentence put forward by Guest's counsel. There is no indication that the district court had a policy disagreement with any of the relevant Guidelines or that the prospect of appellate review was a factor in its considerations.

Guest states that "[b]ecause the sentencing court was sympathetic and because that court did impose a sentence below the calculated guidelines," the district court would have imposed a greater variance if it had known the result of *Gall* and *Kimbrough*. This general assertion is not a sufficient basis for remand, as the supposed sympathy is nothing more than the district court's appropriate exercise of its discretion in sentencing Guest. Guest also suggests that, because the district court noted it had calculated what the Guidelines range would have been if there had been only one fictional minor, the district court would have imposed a lesser sentence based on this calculation if the court had known it had the authority to do so. Yet there is no indication in the record that the district court thought its ability to vary the sentence

based on that consideration was in any way constrained. Instead, the district court simply stated that "whatever I do in the way of sentencing is not based upon [the calculation] at all. I just want the record to reflect that I have considered that." The district court, even before *Gall* and *Kimbrough*, was obligated to address the arguments put forward by each party. *See, e.g.*, *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006); *United States v. Davis*, 458 F.3d 505, 511 (6th Cir. 2006). The district court fulfilled its obligation and acknowledged Guest's argument on the record. Doing so did not indicate that the district court was constrained by the prospect of appellate review; if anything, it suggests that the district court fully understood its duties in sentencing Guest.

As neither *Gall* nor *Kimbrough* mandates a remand based on mere conjecture that the district court may have felt constrained by appellate review and Guest has not identified any indication of error in the sentence imposed below, there is no basis for this court to remand for resentencing.

## B. Sentence Entrapment and Sentence Manipulation

Guest's second argument for remand is that *Gall* and *Kimbrough* implicitly overruled the Sixth Circuit's jurisprudence on sentencing entrapment and sentence manipulation. This argument plainly lacks merit. The Sixth Circuit has already addressed sentencing entrapment and sentence manipulation after *Gall* and reaffirmed that the Sixth Circuit does not recognize either defense.[4] *United States v. Lebreux*, Nos. 06-4448, 06-4615, 07-3271, 07-3272, 2009 WL 87505, at *2 (6th Cir. Jan. 13, 2009). *Lebreux* did not indicate that either *Gall* or *Kimbrough* would have an effect on whether the Sixth Circuit recognized sentencing entrapment, nor can we identify any reason these decisions would change our long-standing practice of declining to recognize either

---

[4]Even if we were to recognize sentencing entrapment or sentence manipulation as a defense, both would be inapplicable here. Guest has not shown any outrageous government conduct. His only basis for entrapment or manipulation is the government's choice to create two fictitious children and to make their ages under twelve. The Sixth Circuit has approved the government's use of fictional children in a similar government operation. *United States v. Hochschild*, 442 F.3d 974, 976, 978 (6th Cir. 2006). Further, as the government noted at sentencing, the government did not create the profile with Guest in mind and Guest himself sought out other profiles involving young children.

defense.  *See United States v. Gardner*, 488 F.3d 700, 716-17 (6th Cir. 2007); *United States v. Coleman*, 188 F.3d 354, 361 n.6 (6th Cir. 1999) (en banc)*; United States v. Watkins*, 179 F.3d 489, 503 (6th Cir. 1999).

Alternatively, Guest argues that *Gall* and *Kimbrough* move the focus in sentencing entrapment and sentence manipulation away from governmental conduct and predisposition and place the focus on the defendant's conduct.  Yet Guest was personally responsible for the conduct leading to his conviction.  He sought out the agent's profile of a mother and two young children.  He initiated contact with her multiple times.  A search of his car after his arrest disclosed sexual potency drugs and sexual potency herbal supplements.  As the district court found, the Guidelines clearly contemplate culpability for Guest's acts regardless of whether the children were real. UNITED STATES SENTENCING MANUAL § 2G1.3, cmt. n.1 (2006).  As such, there is no need to remand on this issue.

## III.

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.