NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0643n.06

No. 08-5293

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Sep 16, 2009**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CHRISTOPHER L. SIMPSON, | ) | O P I N I O N |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    COLE, CLAY, and KETHLEDGE, Circuit Judges.

**COLE, Circuit Judge.**  Christopher L. Simpson appeals the district court's judgment sentencing him to 84 months of imprisonment after he pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possessing a firearm after being convicted of the misdemeanor offense of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).  On appeal, Simpson argues that the sentence imposed was procedurally and substantively unreasonable.  For the reasons that follow, we conclude that the district court committed procedural error, and we **VACATE** Simpson's sentence and **REMAND** for resentencing.

1

## I.  BACKGROUND

### A.      Procedural history

Simpson pleaded guilty to one count of possessing a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and one count of possessing a firearm after being convicted of the misdemeanor offense of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).  On September 10, 2007, the district court held a sentencing hearing and imposed a sentence of 84 months of imprisonment on each count, to run concurrently, and three years of supervised release on each count, also to run concurrently.  The court filed its judgment on February 14, 2008, and Simpson timely appealed.

### B.      Substantive facts

After Simpson pleaded guilty, the United States Probation and Pretrial Services department prepared a Presentence Investigation Report in which it calculated Simpson's advisory sentencing range under the United States Sentencing Guidelines (the "Guidelines") to be 92 to 115 months' imprisonment.  Simpson filed a sentencing position statement and a sentencing memorandum in which he requested a sentence significantly below the advisory Guidelines range based on emotional and physical abuse he suffered as a child, the lack of adult male role models in his formative years, and the severe handicap of his infant son.  The Government opposed a departure or variance and requested a sentence within the advisory Guidelines range.  The district court concluded that Simpson's difficult childhood was "extreme" and "extraordinary" and applied a one-level downward departure under Guidelines § 5K2.0.

(R.42, Sent'g Tr. 178-79, 185.)[1]  This resulted in a new Guidelines range of 84 to 105 months, and the district court sentenced Simpson to 84 months of imprisonment on each of the two counts, to run concurrently, and three years of supervised release.

## II.  ANALYSIS

### A.  Standard of review

We review sentences for reasonableness under an abuse-of-discretion standard.  *See Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Booker*, 543 U.S. 220, 260-61 (2005); *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008).  Reasonableness in this context has both procedural and substantive components.  *Sedore*, 512 F.3d at 822.

> A district court commits procedural error and abuses its sentencing discretion by:
>
> failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.

*Gall*, 128 S. Ct. at 597.  Under 18 U.S.C. § 3553(a), a sentencing court must consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . .

---

[1] "R.__" refers to the district court docket entry number of documents available electronically through the district court docket report.

18 U.S.C. § 3553(a)(1)-(2).

A reviewing court must also consider the substantive reasonableness of the sentence. *Gall*, 128 S. Ct. at 597. A sentence may be substantively unreasonable if the sentencing court "select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, . . . or [gave] an unreasonable amount of weight to any pertinent factor." *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006) (quotation marks omitted). However, the "touchstone" of substantive reasonableness is "whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). This Court grants a rebuttable presumption of substantive reasonableness to sentences within the advisory Guidelines range. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006); *see also Rita v. United States*, 551 U.S. 338, 354 (2007) (permitting courts of appeals to adopt such a presumption).

Although Simpson did not raise an objection at sentencing asserting the claim he now makes on appeal, plain-error review does not apply in this case. While we typically review claims of procedural unreasonableness for plain error unless they were preserved by an objection at sentencing, *see United States v. Vonner*, 516 F.3d 382, 385-86, 390-91 (6th Cir. 2008) (en banc), we have not followed this course when considering claims that the sentencing court misunderstood the scope of its authority in light of recent changes in the law of sentencing. *See United States v. Herrera-Zuniga*, 571 F.3d 568, 579-81 (6th Cir. 2009) (holding that plain-error review did not apply to claim that the district court misunderstood the scope of its sentencing authority, even when the defendant failed to object at sentencing); *see also United States v.*

*Guest*, 564 F.3d 777, 779 (2009) (examining whether a trial court understood its authority to vary from the crack cocaine Guidelines without applying plain-error review); *United States v. Johnson*, 553 F.3d 990, 995-96 (6th Cir. 2009) (same). In *Herrera-Zuniga*, we determined that

> it would be inappropriate to apply *Vonner's* forfeiture rule to . . . Herrera-Zuniga's claim that the district court lacked the authority to categorically reject the [applicable] base offense level prescribed under [the Guidelines] given the lingering confusion in the circuit as to whether such claims are "procedural" or "substantive" challenges.

*Herrera-Zuniga*, 571 F.3d at 579. We also noted that the *Vonner* rule is a court-developed rule that "was adopted entirely for practical reasons" and that *Vonner* "expressly encouraged 'a common-sense application of the plain-error doctrine,' and instructed future courts to apply the rule 'with an eye to the realities of the facts and circumstances of each sentencing proceeding.'" *Id*. at 580 (quoting *Vonner*, 516 F.3d at 391).

As in *Herrera-Zuniga*, the issue before us is whether the district court correctly understood the scope of its authority to reject the Guidelines. Simpson raises this as both a procedural and a substantive claim, but we conclude that it is appropriately framed as a procedural-unreasonableness claim. *See Gall*, 128 S. Ct. at 597 (stating that a district court commits procedural error when it "treat[s] the Guidelines as mandatory"). Simpson's confusion about how to frame his claim is understandable given the "overlap" between procedural and substantive reasonableness considerations, an area of law that this Court has continued to clarify in recent years. *See Herrera-Zuniga*, 571 F.3d at 579-80. Rather than penalize Simpson for his failure to recognize his claim as a procedural one, we will not apply *Vonner's* forfeiture rule here. *See id.* at 579-81. Accordingly, despite the fact Simpson did not object below, we will

review his claim under the normal abuse-of-discretion standard. *See Gall*, 128 S. Ct. at 591; *Herrera-Zuniga*, 571 F.3d at 581.

Additionally, in cases in which an appellant claims that the sentencing court misunderstood its authority, we will only remand based upon an "indication of error in the record," not upon "mere conjecture" that the court felt improperly constrained. *Guest*, 564 F.3d at 779, 781. The record in this case indicates an error in the district court's understanding of its authority to vary from the Guidelines.

**B.    The district court's misunderstanding of its authority prevented it from considering Simpson's request for a variance**

Simpson argues that his sentence was procedurally unreasonable because the district court treated the Guidelines' restrictions on *departures* as mandatory and did not recognize its authority to *vary* outside of the Guidelines range. In his sentencing position statement and sentencing memorandum he requested both a departure and a variance based on a number of mitigating factors and emphasized that the district court had discretion to vary below the advisory range based on factors prohibited or discouraged by the Guidelines' discussion of departures. Simpson claims that the district court ignored his request for a variance and only considered whether he was entitled to a departure under § 5K2.0 of the Guidelines.

We have stated that the actual terminology used by a court when imposing a sentence is not critical. *See Herrera-Zuniga*, 571 F.3d at 586 (explaining that this Court has "not required that district courts carefully distinguish between whether the decision to deviate from the

6

advisory Guidelines range is based on a departure or variance.").[2]  The salient issue is whether the sentencing court recognized the advisory nature of the Guidelines and its full authority to impose a sentence outside the Guidelines range.  *See Gall*, 128 S. Ct. at 596-97 (requiring judge to "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party," to "make an individualized assessment based on the facts presented," and to refrain from presuming that the Guidelines range is reasonable or treating the Guidelines as mandatory); *United States v. Stephens*, 549 F.3d 459, 466-67 (6th Cir. 2008) (explaining that a sentencing court has different, broader authority to vary from the suggested Guidelines range based on the § 3553(a) factors than to depart from it based on § 5 of the Guidelines).

In this case, the district court began its pronouncement of sentence by noting, "[b]efore I state the sentence, the Court has considered the defendant's motion for downward departure based primarily on his background and circumstances."  (R.43, Sent'g Tr. 176.)  The court then discussed Simpson's troubled upbringing and family circumstances, stating:

> [T]he family ties and responsibilities is a category that's recognized in the guidelines, as well as his other responsibilities.  I mean his background and upbringing can be considered.
>
> All of these *must exist to* [sic] *an extraordinary way*.  The guidelines say that neither of these matters should ordinarily be considered by the Court,

---

[2] "A Guidelines 'departure' refers to the imposition of a sentence outside the advisory range or an assignment of a criminal history category different than the otherwise applicable category . . . result[ing] from the district court's application of a particular Guidelines provision, such as § 4A1.3 or § 5 part K." *United States v. Grams*, 566 F.3d 683, 686 (6th Cir. 2009).  "A 'variance' refers to the selection of a sentence outside of the advisory Guidelines range based upon the district court's weighing of one or more of the sentencing factors of § 3553(a)." *Id*. at 686-87.  "While the same facts and analyses can, at times, be used to justify both a Guidelines departure and a variance, the concepts are distinct." *Id*. at 687.

however, in departing downward. They, of course, can be considered in determining *where in the guidelines range* the defendant should be sentenced.

(*Id.* at 177 (emphasis added).) The court explained that it was "moved by the report of the defendant's upbringing," that it believed that it was "an extraordinary circumstance" that took the case "out of the heartland of cases," and that it would grant a one-level downward departure based upon this factor. (*Id.* at 178-79.) Thereafter, the Court stated that "[c]ontrary to the request of the Government, I'm going to sentence Mr. Simpson to the low end of the guidelines range" and stated that it believed the sentence would be "just, but not greater than necessary to meet the sentencing goals in the case." (*Id.* at 180.) Other than brief statements at the end of the sentencing hearing, the district court made little reference to the factors set forth in 18 U.S.C. § 3553(a) or the advisory nature of the Guidelines, although it noted that "[t]he Guidelines are not mandatory, of course. They're simply advisory." (R.43, Sent'g Tr. 186.)

The district court also prepared a statement of reasons ("STR") that further explained the sentence imposed. (R.48, STR 1-5.) After summarizing the mitigating circumstances presented by Simpson, the court stated:

> Defendant's reasons for requesting a downward departure are factors not ordinarily relevant in considering a motion for downward departure, and, in fact, departures for the reasons requested herein are disfavored. However, such factors may be considered if they exist in an extraordinary way. Having considered Defendant's unfortunate upbringing by his mother . . . the Court finds circumstances are present to an unusual degree and are so extreme as to make this case extraordinary.

(*Id.* at 5.) The court used this analysis to justify a one-level Guidelines departure. The court then concluded its STR with a brief discussion of the factors set forth in 18 U.S.C. § 3553(a).

Both at sentencing and in the STR, the court followed the same model of (1) calculating the Guidelines range; (2) determining if any of the mitigating factors presented "extraordinary circumstances" sufficient to justify a Guidelines departure; and (3) determining what sentence within the relevant range was justified in light of the factors set forth in § 3553(a). This approach is impermissible for several reasons.

First, the court proceeded as if the Guidelines restrictions on departures are mandatory, and as if the § 3553(a) factors are only relevant if they rise to the level of "exceptional" circumstances as stated in § 5 of the Guidelines. *See* U.S.S.G. § 5K2.0 (departures based on offender characteristics are only warranted if the characteristic is "present to an exceptional degree"). This approach was erroneous because mitigating factors—even those that are not "exceptional" or "extraordinary"—are proper considerations in determining whether a sentence should fall outside of the Guidelines range. *See Grams*, 566 F.3d at 686-87 (discussing the court's authority to select "a sentence outside of the advisory Guidelines range based upon the . . . weighing of one or more of the sentencing factors of § 3553(a)"); *see also United States v. Henry*, 545 F.3d 367, 385 (6th Cir. 2008) ("*Gall* rejects the notion . . . that extraordinary circumstances are required 'to justify a sentence outside the Guidelines range.'") (quoting *Gall*, 128 S. Ct. at 595).

This mistake significantly affected the sentencing court's understanding of its authority because "'variances from Guidelines ranges that a District Court may find justified under the sentencing factors set forth in 18 U.S.C. § 3553(a)' include a *much broader* range of discretionary decisionmaking" than departures. *Stephens*, 549 F.3d at 466-67 (emphasis added)

(quoting *Irizarry v. United States*, 128 S. Ct. 2198, 2202-03 (2008)); *United States v. Davis*, 537 F.3d 611, 617 (6th Cir. 2008) ("[A] trial judge's authority to exercise independent judgment in granting a variance after applying the § 3553(a) factors differs from his authority to grant departures."); *see also United States v. Buchanan*, 449 F.3d 731, 740 (6th Cir. 2006) (Sutton, J., concurring) ("[T]he guidelines' restrictions on granting departures do not circumscribe a trial court's decision to grant a [§ 3553(a)] variance"). The district court's statements indicate that it felt "bound by the pre-*Gall* standard of review" and the Guidelines' restrictions on departures that require extraordinary or exceptional circumstances to justify a below-Guidelines sentence. *See Guest*, 564 F.3d at 780. As a result, the court dismissed some of Simpson's mitigation evidence as unworthy of consideration when, in fact, the court was required to consider that evidence. *See Gall*, 128 S. Ct. at 596-97.

Second, both the sentencing hearing transcript and STR make clear that the court considered the relevant § 3553(a) factors in the context of deciding what sentence *within* the advisory Guidelines range was appropriate. (R.43, Sent'g Tr. 177 ("All of these [mitigating factors] must exist to [sic] an extraordinary way. The guidelines say that neither of these matters should ordinarily be considered by the Court, however, in departing downward. They, of course, can be considered in determining where in the guidelines range the defendant should be sentenced."); R.48, STR 6 ("The Court has discussed some of the relevant factors which the Court considered in determining the appropriate sentence *within* the guideline range, including the nature and circumstances of the offense, as well as the history and characteristics of the Defendant.") (emphasis added).) As explained above, a sentencing court errs if it limits its

consideration of the § 3553(a) factors to where *within* the Guidelines range to impose the sentence.

Third, the court's repeated references to Simpson's "request for a downward departure" and its failure to acknowledge Simpson's request for a variance support the view that the district court misunderstood its authority to vary from the Guidelines range, rather than merely to grant a Guidelines departure. To be sure, the sentencing court was not required to use the term "variance" when addressing Simpson's arguments, and its failure to do so is not error per se. *See Herrera-Zuniga*, 571 F.3d at 586-87. However, the court's failure to acknowledge Simpson's request for a variance, in the context of the other statements it made, suggests that it did not recognize its authority to vary from the Guidelines absent extraordinary circumstances. *See Stephens*, 549 F.3d at 466-67 (finding it "particularly troubling" that the court "followed defense counsel's lead and used the term 'departure' exclusively in rejecting [defendant's] arguments . . . .").

The Government argues that the district court properly understood the scope of its authority for several reasons. First, the court referenced the advisory nature of the Guidelines several times. (R.43, Sent'g Tr. 186 ("The Guidelines are not mandatory, of course. They're simply advisory."); R.48, STR 4 ("[T]he Supreme Court made clear that the guidelines promulgated by the United States Sentencing Commission are merely advisory.").) While these statements support the Government's argument when considered in isolation, the substance and structure of the district court's analysis show that it effectively treated the Guidelines' limitations on departures as mandatory. The Government notes that the district court discussed the § 3553(a)

11

factors, stating in the STR that it had "considered all the factors set forth in 18 U.S.C. § 3553(a)" and concluded that "[b]ased on the facts and circumstances in this case, . . . the sentence imposed [would] be just punishment for this particular offense and . . . in the best interest of the public." (*Id.* at 5-6.) This argument fails because, as discussed above, the record indicates that the court considered the § 3553(a) factors for the improperly narrow purpose of deciding what sentence within the advisory Guidelines range was appropriate. Finally, the district court also explained during the sentencing hearing that it would only grant a one-level Guidelines departure because Simpson has an extensive criminal history—a history that the court described at length in both the sentencing hearing and STR. This cannot be construed as indicating that the court recognized its broad authority to vary from the Guidelines range rather than merely to depart from it based on exceptional circumstances. While we recognize that the concepts of variances and departures have sometimes blurred in recent years, and while this district court has considerable experience in administering sentences in the post-*Booker* era, the rationale set forth on the record is in conflict with our recent precedent, and we must grant Simpson's request for a remand.

### III. CONCLUSION

For the reasons stated above, we conclude that the district court committed procedural error. Therefore, we **VACATE** Simpson's sentence and **REMAND** for resentencing to allow the court to consider Simpson's mitigation arguments with full recognition of its authority to vary from the Guidelines range.

**KETHLEDGE, Circuit Judge, dissenting.** Our task in this appeal would have been greatly simplified, if not eliminated entirely, had Simpson merely told to the district court what he tells us now—namely, that the district court failed to consider his request for a variance. That is a good indication that plain-error review ought to apply here. And I think our caselaw, notably *United States v. Vonner*, 516 F.3d 382 (6th Cir. 2008) (en banc), bears out that indication. The majority declines to apply *Vonner*, suggesting there is sufficient confusion regarding the nature of Simpson's claim (*i.e.,* whether it is substantive or procedural) that we should apply the narrow exception to *Vonner* set forth in *United States v. Herrera-Zuniga*, 571 F.3d 568 (6th Cir. 2009). I do not agree that there can plausibly be any such confusion. Simpson's claim is that the district court failed altogether to consider his claim for a variance. That claim is quintessentially procedural, which brings it within the heartland of *Vonner*, and which in turn makes the claim subject to plain-error review. I do agree with the majority that the district court erred by failing separately to consider Simpson's request for a variance; but under the circumstances present here, I do not think the error was plain. I therefore respectfully dissent.