**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0584n.06

**No. 08-3729**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Sep 02, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| ANTONIO GIBBS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| _____ | ) | |

OPINION

BEFORE: GRIFFIN and WHITE, Circuit Judges; and MURPHY, District Judge.[*]

PER CURIAM.

Antonio Gibbs appeals the sentence imposed upon his conviction for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Gibbs pleaded guilty to the above-specified offenses without a written plea agreement. At the plea hearing, both the government and the district court explained to Gibbs that count two, the § 924(c) offense, carried a statutorily-mandated consecutive five-year sentence that would be imposed in addition to the sentence imposed on counts one and three. The government indicated that, based on the fifty grams of cocaine involved in the offense, Gibbs's base offense level for those

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

counts would be 16. The presentence report (PSR), however, grouped together Gibbs's drug and felon-in-possession offenses to calculate a base offense level of 20. *See* U.S.S.G. § 3D1.2(c). After a three-level adjustment for acceptance of responsibility, the PSR recommended a total offense level of 17, yielding a Guidelines range of 27 to 33 months of imprisonment for counts one and three.

Gibbs objected to the PSR, arguing that the probation officer erred by grouping the multiple counts and asserting that the district court should instead "begin . . . at a level 16 for the drug offense for which he pled," which would yield a Guidelines range of 15 to 21 months. At the sentencing hearing, the district court overruled Gibbs's objection to the application of the grouping provisions and adopted the PSR's Guidelines range of 27 to 33 months for counts one and three. The district court then imposed a sentence of 27 months on those counts and a five-year consecutive sentence on count two.

Gibbs now appeals, arguing that: 1) his sentence is substantively unreasonable because the district court failed to meaningfully apply and consider the factors set forth in 18 U.S.C. § 3553(a); and 2) the district court erred by applying the grouping provisions of U.S.S.G. § 3D1.2 to calculate his base offense level.

We review sentences imposed by the district court for reasonableness. *United States v. Vowell*, 516 F.3d 503, 509 (6th Cir. 2008). Reasonableness review has both a procedural and a substantive component. *Gall v. United States*, 552 U.S. 38, 51 (2007); *Vowell*, 516 F.3d at 509. To determine whether a sentence is procedurally reasonable, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. If the district court's sentencing decision is procedurally sound, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* We apply a rebuttable presumption of reasonableness to a sentence that falls within

a properly calculated Guidelines range. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir.) (en banc), *cert. denied*, 129 S. Ct. 68 (2008).

Gibbs argues that the district court committed a procedural error by grouping his offenses under U.S.S.G. § 3D1.2(c). When considering a challenge to the district court's application of the Sentencing Guidelines, we review the district court's findings of fact for clear error and its legal conclusions de novo. *See United States v. Moon*, 513 F.3d 527, 540 (6th Cir.), *cert. denied*, 128 S. Ct. 2493 (2008).

The district court properly grouped together Gibbs's drug and felon-in-possession offenses. There is simply no merit to Gibbs's argument that, "[a]pplying § 3D1.1(b) in the instant matter, the base offense level should be 16." The district court did apply § 3D1.1(b) when it excluded Gibbs's § 924(c) offense, which carries a mandatory consecutive sentence, from the grouping procedure. *See* U.S.S.G. § 3D1.1(b)(1). That provision, however, does not require the exclusion of his felon-in-possession offense, which is not subject to a mandatory consecutive sentence. And had the district court not applied the grouping provisions to combine the drug trafficking and felon-in-possession counts, Gibbs's total offense level would have been 19, rather than 17, because he would have received a multiple-count adjustment pursuant to U.S.S.G. § 3D1.4. While Gibbs is understandably disappointed that the offense level used by the district court was higher than the one discussed at the plea hearing, the discrepancy was the result of the failure of the parties and the district court to accurately anticipate Gibbs's offense level at the plea hearing. It was not due to the application of the grouping provisions. *See generally* U.S.S.G. Ch. 3, Pt. D, intro. comment. (explaining that the grouping provisions are designed to benefit defendants by "prevent[ing] multiple punishment for substantially identical offense conduct").

Gibbs also challenges the substantive reasonableness of his sentence, arguing that the district court failed to consider his "limited criminal history" and the fact that he had no prior federal convictions; his youth and his family circumstances; his acceptance of responsibility; and the fact

that he did not commit any new offenses between the time of his arrest and the time that he was taken into custody. Gibbs contends that, in light of these circumstances, the five-year mandatory sentence would have been sufficient.

The record shows that the district court, in imposing the shortest sentence within the advisory Guidelines range, gave sufficient consideration to the relevant § 3553(a) factors. Further, many of the arguments that Gibbs now raises in favor of a below-Guidelines sentence, such as his acceptance of responsibility and his criminal history, were already taken into account in calculating his Guidelines range. Under these circumstances, the district court reasonably concluded that a sentence within the Guidelines was appropriate.

Finally, Gibbs makes the cursory argument that the district court clearly felt constrained by the Guidelines. There is no indication in the record, however, that the district court believed that its ability to impose a lower sentence was limited by the Guidelines range. Indeed, the district court repeatedly referred to the Guidelines as "advisory" and explicitly recognized that, although the five-year sentence on count two was mandatory, the sentence on the remaining counts was "discretionary." Accordingly, relief is not warranted on this basis. *See United States v. Guest*, 564 F.3d 777, 780-81 (6th Cir. 2009).

AFFIRMED.