NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0840n.06

Case No. 09-5450

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Dec 14, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,       )
                                )
    Plaintiff-Appellee,         )
                                )
           v.                )       ON APPEAL FROM THE
                                )       UNITED STATES DISTRICT
KARLOS D. BUTLER,               )       COURT FOR THE EASTERN
                                )       DISTRICT OF TENNESSEE
    Defendant-Appellant.        )
                                )
                                )
_____ )

BEFORE:   BATCHELDER, Chief Judge; COLE and GIBBONS, Circuit Judges.

    **ALICE M. BATCHELDER, Chief Judge.**   Karlos Butler pleaded guilty to distributing

more than 5 grams of crack cocaine and was sentenced to 70 months' imprisonment.  We vacated

that sentence and remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85

(2007).  Butler now claims that on resentencing, the district court erred because it did not consider

his post-sentence conduct.  He cannot show any evidence to that effect, and we affirm.

**I.**

    Karlos Butler pleaded guilty to distributing more than 5 grams of cocaine base ("crack"). The

Presentence Investigation Report ("PSR") stated that he was responsible for 68 grams of crack

cocaine and the resulting base offense level was 32.  Various reductions decreased his level to 27.

His criminal history category was I.  This resulted in a Guidelines range of 70 to 87 months.

At the April 9, 2007, sentencing hearing, Butler emphasized the crack/cocaine sentence disparity and spoke about his family. The court sentenced him to 70 months' imprisonment, at the bottom of the Guidelines, and Butler appealed his sentence.

In an order dated April 24, 2008, upon joint motion of the parties, we vacated the sentence and remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007) (holding that courts may consider the disparity between crack and powder cocaine sentences when considering whether a within-Guidelines sentence is "greater than necessary" to accomplish the purposes the Sentencing Guidelines), and an amendment to the Guidelines, which lowered the base offense level for crack offenses by 2. *See* U.S.S.G. App'x C, Amendment 706 (2007) (amending U.S.S.G. § 2D1.1).

The district court did not take any action on that remand, and on August 5, 2008, Butler filed a motion for sentence reduction under the amended Guidelines in accordance with 18 U.S.C. § 3582(c)(2) (allowing for a motion for reduction in sentence due to a retroactively applicable amendment to the Guidelines). The district court granted this motion and scheduled a resentencing hearing for December 22, 2008.

At the resentencing hearing, the court evidenced some confusion about the nature of the proceeding. At first, the court stated that it believed "the sole issue to be considered at this resentencing is the change . . . in the sentencing guidelines to reduce the so-called disparity between sentences for crack cocaine and powder cocaine which have now been made retroactive, and, therefore, apply to Mr. Butler's case." This would seem to indicate that the court was treating the proceeding as a sentence reduction under § 3582(c)(2). The government's counsel, Mr. Piper

disagreed, and argued that the case was on remand because of *Kimbrough*, which would allow the judge to reconsider all of the factors under § 3553(a). Butler's counsel took the view that our order was not clear, but agreed that our remand instructed the district court to consider *Kimbrough*, which gave the court discretion to "take a broader, almost new, fresh look at his case." The probation department submitted an amended PSR (titled "Memorandum Regarding Retroactivity") that treated the proceeding as a sentence reduction under § 3582(c)(2).

If the court were conducting a full-resentencing in light of *Kimbrough*, and absent any instruction to the contrary in the remand order, the judge would presumably be free to reconsider all of the § 3553(a) factors,[1] as though the original sentence had never been entered. *See* 18 U.S.C. §

---

[1]The § 3553(a) sentencing factors are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and
    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for—
    (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
(5) any pertinent policy statement—
    (A) issued by the Sentencing Commission . . .
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.
18 U.S.C. § 3553(a).

3742(g) ("A district court to which a case is remanded . . . shall resentence a defendant in accordance with section 3553 and with such instructions as may have been given by the court of appeals . . . .").[2]

If the court were conducting a sentence reduction under the amended Guidelines, in accordance with § 3582(a)(2), the scope would be more limited. Such proceedings are "not full resentencings." *United States v. Watkins*, 625 F.3d 277, 281 (6th Cir. 2010), and are subject to several limitations. *See Dillon v. United States*, 130 S. Ct. 2683, 2690–92 (2010) (contrasting § 3582(c)(2) sentence reductions and general resentencing). For example, when considering a sentence reduction, the court is instructed to take the new, retroactively applicable Guidelines range into account but "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The court ordinarily "shall not" reduce the sentence to a below-Guidelines sentence unless the original sentence was below-Guidelines. § 1B1.10(b)(2). If the original sentence was a non-Guidelines sentence, then a sentence reduction because of a new Guidelines amendment "generally would not be appropriate." *Id.* The court "shall" consider the § 3553(a) factors and public safety considerations, and "may" consider post-sentence conduct in determining whether and to what extent a reduction in the sentence is appropriate. *See* § 1B1.10, Application Note 1.(B).

Under the new Guidelines, Butler's sentence range was 57 to 71 months. The Probation Department's amended PSR showed the new Guidelines calculation, and included comments regarding public safety considerations and Butler's post-sentence conduct in prison—treating the proceeding as a sentence reduction, as noted above. Butler submitted a memorandum for

---

[2]Subsection 3742(g)(2) purported to limit the discretion of the sentencing court on remand with regards to imposing outside-Guidelines sentences. That subsection was recently invalidated in *Pepper v. United States*, 131 S. Ct. 1229, 1244 (2011). *See infra* Part II for further discussion of *Pepper*.

resentencing that emphasized that he was not a typical crack defendant, highlighted his family and work history, and asked for a sentence below 57 months. This memorandum made no mention of his post-sentence conduct in prison.

At the sentencing hearing, the court, apparently concluding that it was conducting a full resentencing, stated that it would consider all the § 3553(a) factors, and not merely the amended Guidelines. During that hearing, Butler's attorney stated in passing that "[Butler's] achievements and how he has fared since he's been in custody" were contained in an amended PSR. But that information was not in Butler's own memorandum. Indeed, the only mention of Butler's conduct while in prison appeared in the amended PSR. When given the chance to argue for a lower sentence, Butler's attorney reiterated the arguments contained in Butler's sentencing memorandum, but made no mention whatever of Butler's post-sentence conduct. Nor did Butler, when given the opportunity for allocution, make any mention of his post-sentence conduct. The government argued for a within-guidelines sentence, noting the seriousness of the offense and Butler's criminal history.

The court sentenced Butler to 64 months—lower than the previous sentence, but now in the middle of the Guidelines range. After sentencing Butler, the court advised him of his rights on appeal, and asked Butler's counsel, "Is there anything else, Ms. Coleman?" Counsel said that she expected Butler to appeal and objected that the sentence was greater than necessary and thus unreasonable. But she made no mention of Butler's post-sentence conduct.

Butler did indeed appeal.

## II.

Butler claims that his sentence was procedurally unreasonable because when re-sentencing him, the district court did not recognize that it had the discretion to consider Butler's post-sentence conduct in prison. We review the procedural and substantive reasonableness of a sentence for abuse of discretion. *United States v. Lalonde*, 509 F.3d 750, 769 (6th Cir. 2007). But if the appellant did not raise his argument in the court below, we review only for plain error. *United States v. Penson*, 526 F.3d 331, 337 (6th Cir. 2008). If the court did not ask the *Bostic* question,[3] however, we revert to the abuse-of-discretion standard, even if appellant did not raise the argument in the court below. *Id.* Butler claims that because the court did not ask the *Bostic* question, abuse of discretion is the proper standard of review. The government does not argue to the contrary. While we believe that the district did satisfy the *Bostic* requirements,[4] it is not necessary to decide that question inasmuch as Butler's arguments fail under any standard.

As an initial matter, we agree with the district judge that the proceeding before him at the time was a remand for full resentencing and not a motion for sentence reduction due to the new

---

[3] In *United States v. Bostic*, 371 F.3d 865 (6th Cir. 2004), this court announced a rule that the district court must, after declaring a sentence but before closing the sentencing hearing, ask the parties if there are any more objections not previously raised.

[4] While Judge Mattice did not specifically say, "Are there any more objections not previously raised?", he did ask Butler's attorney, "Is there anything else, Ms. Coleman?" Coleman then had an opportunity to raise objections for appeal. She did so, noting "I need to say a few things on the record to preserve his appellate issue." She objected to the new sentence and the § 3553(a) factors, but made no mention of the judge's failing to take into account Butler's post-sentencing conduct.

Ordinarily, the court's merely asking if there is "anything else" does not satisfy the *Bostic* requirement. *United States v. Thomas*, 498 F.3d 336, 340 (6th Cir. 2007). But if the counsel is asked, "Anything more?" and he or she clearly understood that the question was asking for any more objections not previously raised, that exchange satisfies the *Bostic* requirement. *See United States v. Hayes*, 399 F. App'x 57, 61 (6th Cir. 2010). It seems to us that the district court adequately addressed the *Bostic* question, but the government does not raise that argument here, and concedes that review for abuse of discretion applies.

guidelines under § 3582(c)(2). In the first place, at the time the motion for reduction was filed, there was no sentence to reduce—the April 24, 2008, order from this court had vacated the sentence. And secondly, our remand order vacated Butler's sentence and "remanded to the district court for resentencing"; the order was not a limited remand. Notwithstanding the motion for reduction and the amended PSR's treating it as though it were a reduction hearing under § 3582(c)(2), this was a full resentencing.

Two questions emerge: Did the district court have the authority to consider Butler's post-sentence conduct when resentencing him? If so, was the judge aware that he had such authority? And complicating matters somewhat is the Supreme Court's recent decision in *Pepper v. United States*, 131 S. Ct. 1229 (2011), issued on the eve of oral argument in this case, in which the Supreme Court held that when a sentence has been set aside on appeal, a sentencing judge on remand may consider the defendant's post-sentence conduct.[5] *Id.* at 1241. A third question therefore emerges: What effect does *Pepper* have in this case?

First, we have never said whether or not a district court may consider post-sentence conduct during a remand for full resentencing under *Kimbrough*. It is true that *United States v. Worley*, 453 F.3d 706, 707 (6th Cir. 2006), explicitly stated that sentencing courts may not consider post-sentence conduct when resentencing pursuant to a *Booker* remand. But we have never held in any case that *Worley* applied to remands under *Kimbrough* or *Spears v. United States*, 555 U.S. 261, 265–66

---

[5]The Supreme Court found that post-sentence conduct was relevant to several of the enumerated sentencing factors in § 3553(a), such as "the history and characteristics of the defendant," § 3553(a)(1); the need to "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B); the need to "protect the public from further crimes of the defendant," § 3553(a)(2)(C); and the need to "provide the defendant with needed educational or vocational training," § 3553(a)(2)(D). *See Pepper*, 131 S. Ct. at 1242.

(2009) (per curiam) (holding that "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines"), or remands for any other reason. In contrast, we have repeatedly stated that the *Worley* limitation applied to *Booker* remands because of the limited nature of those remands. In *United States v. Keller*, 498 F.3d 316, 324 (6th Cir. 2007), we stated:

> *Worley* is predicated not on any notions of what is or is not compulsory or permissive for district courts but on the conclusion that consideration of post-sentencing factors is incompatible with the limited scope of a *Booker* remand, that is, reviewing whether the defendant would have received the same sentence had the Guidelines been advisory, rather than mandatory, at the time of the original sentencing.

The answer to our first question, therefore, is that we have never held that district courts resentencing on remand under *Kimbrough*—or any basis other than *Booker*—may not consider post-sentence conduct during resentencing.

Turning to the second question, we think it is clear that absent some indication on the record to the contrary, we cannot simply presume that the sentencing judge was unaware of his discretion to consider Butler's post-sentence conduct. "Our decisions . . . make clear that there should be some indication of error in the record justifying remand." *United States v. Guest*, 564 F.3d 777, 779 (6th Cir. 2009). Unlike *Booker*, recent Supreme Court cases such as *Gall v. United States*, 552 U.S. 38, 47 (2007) (rejecting a heightened standard of appellate review of sentences reflecting Guidelines departures), and *Kimbrough*, "provide no basis for the presumption of error." *Guest*, 564 F.3d at 779. "Instead, to justify a remand based on these decisions, an appellant must identify a specific error in the proceedings below." *Id.* Typically, that error involves some indication on the record that the sentencing court misunderstood its discretion in sentencing. *Id.* at 779–80. We have no

precedent in this circuit holding that consideration of post-sentence conduct is forbidden in general remands, remands under *Kimbrough*, or any sort of remands other than those under *Booker*, and inasmuch as in his re-sentencing proceeding Butler never raised the issue of his post-sentencing conduct, he gave the court no reason even to consider whether it had discretion to consider it.

Butler's original sentence was vacated and remanded in light of *Kimbrough*. This was undoubtedly because, at his original sentencing, he specifically argued for a lower sentence because of the famed crack/powder cocaine disparity in the Guidelines, and the district court indicated that since Congress and the Sentencing Commission had not remedied the disparity, it would apply the Guidelines as they stood. Upon joint motion, this court vacated the sentence and remanded in light of *Kimbrough*. Butler cannot point to any indication that the sentencing court this time around thought it could not consider his post-sentence conduct. We reiterate: neither Butler nor his counsel ever raised this issue before the district court. He did not mention it in his sentencing memorandum. He did not mention it at allocution. His counsel did not argue it at the hearing, other than alluding to the amended PSR's containing "his achievements and how he has fared since he's been in custody." Counsel did not mention Butler's post-sentence conduct when stating that Butler would be appealing the sentence. The only mention is in the probation department's amended PSR. We will not remand for resentencing where the issue Butler wanted considered "was not raised in any manner during the sentencing hearing." *See United States v. Richardson*, 352 F. App'x 47, 54 (6th Cir. 2009).

It is true that we have sometimes remanded absent an explicit statement by the sentencing court that it mistakenly felt its discretion was constrained. But even in those cases, the issue must

be presented to the court and there must be *some* indication on the record that the district court felt so constrained. *See United States v. Maye*, 582 F.3d 622, 633 (6th Cir. 2009) ("Although it is true that the district judge in this matter never explicitly stated that he felt bound by the crack-cocaine policies exemplified in the guidelines, the transcript of the sentencing hearing suggests that he may have acted in adherence to those principles."); *United States v. Johnson*, 553 F.3d 990, 996 n.1 (6th Cir. 2009) (remanding because court's statements suggested that "although the [crack/powder] disparity issue was before the court, the district judge was not aware of his power to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines" (internal quotation marks omitted)). The record gives no such indication here.

The third question is whether *Pepper* affects our analysis. We conclude that it does not. While *Pepper* may be of help to some defendants in the midst of appeals, it is of no avail for Butler: the issue of post-sentence conduct was never presented to the court and there was no indication that the court felt that it could not consider it. While *Pepper* establishes that district courts are not forbidden from considering post-sentence conduct when resentencing a defendant after the original sentence has been set aside on appeal, *see Pepper*, 131 S. Ct. at 1241 ("[W]e think it clear that when a defendant's sentence has been set aside on appeal and his case remanded for resentencing, a district court may consider evidence of a defendant's rehabilitation since his prior sentencing . . . ."), it nowhere holds that courts *must* consider post-sentence conduct. Nor does it hold that courts are presumed to be unaware of this discretion absent an indication to the contrary. Had Butler raised the issue of post-sentence conduct, and had the district court given some indication that it felt that it could not consider it, *Pepper* would have been of some help. That did not happen here.

Though we have addressed Butler's argument concerning consideration of his post-sentence conduct, we review the procedural reasonableness of his sentence to ensure as well that the judge considered the § 3553(a) factors. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006). Even where a sentence is within the Guidelines range, and thus presumptively reasonable, we must still determine whether the district court provided an explanation of its reasons for the sentence. *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006). Here, the district court gave a brief, but adequate explanation, reciting the § 3553(a) factors and stating, "I have considered this file at some length. I have considered the nature and circumstances of this particular offense, and the history and characteristics of Mr. Butler." In *United States v. Mendez*, 498 F.3d 423, 428 (6th Cir. 2007) (per curiam), this court held that a similar explanation was sufficient for appellate review. Having given this explanation, the court was not required specifically to mention and reject any consideration of Butler's conduct in prison—especially since Butler never mentioned that argument at all. We find no abuse of discretion here.

**III.**

Regarding the substantive reasonableness of the sentence, Butler's only argument is that since he was originally sentenced at the lower end of the Guidelines, he should be sentenced once again to the lower end of the new Guidelines range. But Butler must overcome the presumption that a within-Guidelines sentence is reasonable. *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2007) (en banc). The cursory argument he presents in his brief does not suffice. Butler cites no cases and argues only that he should have received a lower within-Guidelines sentence. Because the

district court stated that it considered all the relevant sentencing factors, and the resulting sentence was within the guidelines, Butler cannot show an abuse of discretion.

**IV.**

For the foregoing reasons, we **AFFIRM** the judgment of the district court.