NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0353n.06

No. 10-3939

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 04, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| JOSE HERNANDEZ-CAMACHO, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Jose Hernandez-Camacho, a federal prisoner who is represented by counsel, appeals his sentence following his guilty plea to illegally re-entering the United States after deportation.

Hernandez-Camacho was charged with illegal re-entry as a deported alien in violation of 8 U.S.C. § 1326(a)(1), (a)(2), and (b)(2). He agreed to plead guilty pursuant to a plea agreement. A presentence report calculated Hernandez-Camacho's total offense level as twenty-one and his criminal history category as III, resulting in an advisory sentencing guidelines range of forty-six to fifty-seven months of imprisonment. At his sentencing hearing, Hernandez-Camacho requested a downward variance based on his cooperation during the proceedings, and the fact that he re-entered the United States in order to see his family. The district court denied the request and sentenced Hernandez-Camacho to forty-eight months of imprisonment.

Hernandez-Camacho now appeals his sentence, arguing that it was procedurally unreasonable because the district court failed to consider the lack of "fast-track" programming in this Circuit. He also argues that his sentence is substantively unreasonable because it was longer than necessary to

meet the purposes of deterrence and to protect the public. The government has filed a motion to dismiss based on the appellate waiver contained in Hernandez-Camacho's plea agreement, which the government argues precludes his appeal. Hernandez-Camacho responded, that the waiver was not adequately explained and that he did not fully understand the waiver provision. Because a review of the plea hearing indicates some confusion as to whether Hernandez-Camacho fully understood the waiver of his right to an appeal, we will address Hernandez-Camacho's arguments.

We review a sentence for both procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Hernandez-Camacho asserts that his sentence is procedurally unreasonable because the district court did not demonstrate that it was aware that it had discretion to depart or vary downward from the guidelines range on the basis that this Circuit lacks a "fast-track" program. Because Hernandez-Camacho did not raise the issue of the fast-track disparity in the district court, nor did he argue for a downward departure on that basis, our review of this issue is for plain error. *See United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004).

Due to Hernandez-Camacho's failure to raise the fast-track issue, the district court never affirmatively stated that it was not permitted to consider the fast-track argument. In fact, the district court did not discuss the fast-track disparity as a sentencing factor at all. Nevertheless, the district court's sentencing discussion reflects that the court was aware it could vary from the applicable sentencing guidelines due to a disagreement with certain provisions, including certain sentencing disparities for illegal aliens who re-enter the United States. Because there is nothing in the record to affirmatively indicate that the district court was unaware of its discretion to depart based on the fast-track disparity, a remand is not necessary. *See United States v. Guest*, 564 F.3d 777, 779 (6th Cir. 2009) (holding that "there should be some indication of error in the record justifying remand").

Hernandez-Camacho also argues that his sentence is substantively unreasonable because it is too harsh to meet the sentencing objectives of deterrence and protection of the public. A sentence will be found to be substantively unreasonable when "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d

823, 832 (6th Cir. 2010) (internal quotation marks omitted). Additionally, sentences within the applicable guidelines range are afforded a presumption of reasonableness. *United States v. Vonner,* 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

At his sentencing hearing, the district court considered Hernandez-Camacho's conduct, the applicable sentencing factors, and noted that it needed to consider that Congress intended for defendants like Hernandez-Camacho to be "dealt with severely." The court also acknowledged the need for deterrence in cases like this, as well as the cost of housing Hernandez-Camacho during a term of incarceration. For these reasons, the court determined that a sentence at the low end of the sentencing guidelines range was appropriate, and imposed a term of imprisonment of forty-eight months. Hernandez-Camacho has not demonstrated that the district court selected his sentence arbitrarily, failed to consider the relevant sentencing factors, or gave an unreasonable amount of weight to a particular factor. *Camiscione*, 591 F.3d at 832. Thus, he has not rebutted the presumptive reasonableness of his sentence. *See Vonner,* 516 F.3d at 389.

The judgment of the district court is affirmed and the motion to dismiss is denied as moot.